IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEMOND SMITH,

    Plaintiff,          No. CIV S-10-2966 GGH P

  vs.

LAURIE ANN BERLINER, et al.,

    Defendants.      ORDER

_____/

        Plaintiff appears to be a pretrial detainee proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff will be assessed an initial filing fee of $3.17. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff seeks money damages due to the ineffective assistance of his trial counsel related to a conflict of interest and se has not subpoenaed a witness. However, it is not clear if plaintiff has been convicted or even if the trial has concluded. If plaintiff has been convicted, he cannot obtain damages unless his conviction or sentence has been invalidated, expunged or reversed. Plaintiff's complaint will be dismissed with leave to file an amended complaint within twenty-eight days of service of this order. No further amendments will be allowed.

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for

1  damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the
2  conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>
3       In addition, defense counsel is not a "person" for purposes of the Civil Rights Act.
4  <u>Polk County v. Dodson</u>, 454 U.S. 312, 315 (1981).
5       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>
7  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
8  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
9  there is some affirmative link or connection between a defendant's actions and the claimed
10 deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d
11 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
12 vague and conclusory allegations of official participation in civil rights violations are not
13 sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).
14      In addition, plaintiff is informed that the court cannot refer to a prior pleading in
15 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
16 complaint be complete in itself without reference to any prior pleading.  This is because, as a
17 general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375
18 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
19 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
20 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
21      In accordance with the above, IT IS HEREBY ORDERED that:
22      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
23      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
24 Plaintiff is assessed an initial filing fee of $3.17.  The fee shall be collected and paid in
25 accordance with this court's order to the Solano County Jail filed concurrently herewith.
26      3.  The complaint is dismissed for the reasons discussed above, with leave to file

an amended complaint within twenty-eight days from the date of service of this order. No further amendments will be allowed. Failure to file an amended complaint will result in this action being dismissed.

DATED: November 16, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
smit2966.b